CARROLL, Appellant, vs. MANIERRE, Respondent.

*April 5—April 23, 1912.*

*Landlord and tenant: Description in lease: Ambiguity: Intention of parties: Estoppel: Trespass.*

Plaintiff's father, by a lease drawn for him by the plaintiff, leased to defendant a "dwelling house, known as No. 185 Farwell avenue, . . . and the premises thereof and appurtenances pertaining thereto, being located on the north thirty feet of the aforesaid premises." Some years before, the father, then owning sixty feet frontage cn said avenue, on the north thirty feet of which stood the dwelling house in question, had conveyed the south thirty feet to the plaintiff, but the deed was not recorded until after the giving of the lease in question. Upon evidence showing the above and other facts it is *held* that the lease was intended by the parties thereto to cover only the north thirty feet, and that plaintiff was not estopped to assert title to his own land as against defendant, and, being in constructive possession thereof, to maintain an action for trespass.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

This action was brought to recover damages for trespass committed upon the land of plaintiff. The action was tried by the court without a jury, and the court found that the plaintiff was the owner of the land in question, and being desirous of selling the property caused to be erected upon the same a board sign offering the property for sale, and that the defendant unlawfully entered upon the premises and took

down and removed the sign and disturbed the plaintiff in the use and enjoyment of said land and his occupation thereof; that the defendant at other times before and after the aforesaid unlawful entry unlawfully entered upon the land and trespassed thereon and disturbed plaintiff in the use and occupation thereof; that the defendant removed and destroyed the said sign, the property of the plaintiff, to his damage in the sum of $4.30; that the defendant is occupying premises adjoining plaintiff's land under the terms of a lease and claimed the right under said lease to use, enjoy, and occupy the land of the plaintiff.

And as conclusions of law the court found that the plaintiff is entitled to judgment for the sum of $4.30 damages and costs and that the defendant be enjoined from interfering with the property of the plaintiff.

Judgment was entered accordingly, from which this appeal was taken.

The cause was submitted for the appellant on the brief of *Quarles, Spence & Quarles,* attorneys, and *Irving Fish,* of counsel, and for the respondent on that of *Carroll & Carroll.*

KERWIN, J. It appears from the evidence that prior to 1904 plaintiff's father owned sixty feet front on Farwell avenue in the city of Milwaukee; that the yard was divided by a north and south fence near the center into a front and back yard, the rear being used as back yard and garden and inclosed by fences. On the north thirty feet of said sixty feet stands a brick dwelling house. In 1904 plaintiff's father transferred the south thirty feet to him. Plaintiff did not record his deed until about the time of the commencement of this action. At the time of the alleged trespass the defendant held possession of the dwelling on the north thirty feet under a lease prepared by the plaintiff on behalf of his father, which described the property leased as follows:

"That the said lessor does hereby lease, demise, and let unto the said lessee, the following described premises, lying and be-

ing in the First ward of the city and county of Milwaukee and state of Wisconsin, to wit: Two-story brick veneer dwelling house, known as No. 185 Farwell avenue, attic and basement and the premises thereof and appurtenances pertaining thereto, being located on the north thirty feet of the aforesaid premises, in the First ward of the city of Milwaukee."

The lease was dated May, 1909, and was for two years. There is evidence that plaintiff in drawing said lease did not intend to include the south thirty feet; that he did not know there was a garden on the south thirty feet during 1908; that he could not say whether the back half of his lot was used by persons who lived on the north thirty feet in 1907 and 1908; that he never had anything to do with defendant.    As will be seen from the statement of the case, the court below found the facts in favor of plaintiff.

The appellant contends that the findings of fact and conclusions of law do not cover two propositions of law raised in the case, namely, (1) whether the lease in question purported to grant to defendant a term in the lands owned by plaintiff; and (2) whether the acts of plaintiff in withholding his deed from record and changing the appearance of his land and assisting his father in leasing his father's land estop plaintiff from asserting title to his own land.

It is true the findings are quite general, but it does not appear that any more specific findings were asked, and we think they dispose of all the issues in the case.    The court is also of opinion that the findings of fact are supported by the evidence and warrant the conclusions of law.

It is quite true that the description of the premises leased to defendant is somewhat ambiguous, but in connection with other evidence the court is of opinion, as the court below held in its written opinion in the case, that the leased premises were intended by the parties to be limited to the north thirty feet.    This conclusion is further supported by the fact that the lessor could not include the south thirty feet, which he did not own, in his lease to defendant without the consent of the

plaintiff.    But it is argued that the plaintiff is estopped from
asserting his title to the land against the defendant.    Here
again the findings and conclusions of the court below are
against the appellant.    Indeed, we are of opinion that the
evidence is not sufficient to support findings of estoppel against
plaintiff.

Several cases are cited by appellant which we have exam-
ined but do not think they reach the situation here.

*People ex rel. Murphy v. Gedney,* 10 Hun, 151, is a case
where an alleyway was used in connection with the house
leased and was pointed out at the time the lease was made as a
part of the demised premises, and it was held that it passed
under the language "house number 324 East Fifty-eighth
street."

In *Ammidown v. Ball,* 8 Allen, 293, the deed described a
lot and then followed after description of the lot, "together
with all the dwelling house and building, with the appurte-
nances, situate thereon or thereto belonging."    It will be ob-
served that this deed not only conveys the land, the dwelling
house and building, with the appurtenances, situate thereon,
but also adds the words "or thereto belonging," which latter
words strongly indicate an intention to convey something be-
yond the land and buildings thereon, and was therefore held
to convey a small lot of land adjoining the granted premises,
habitually used in connection with the dwelling house, and rea-
sonably necessary to be held in connection with it.

In *Riddle v. Littlefield,* 53 N. H. 503, a store was leased,
and it was held that the lessee acquired the right to use the
outside walls.

*Scheel v. Alhambra M. Co.* 79 Fed. 821, is where the grant
of a tunnel right to mine, together with appurtenances, cov-
ered the right to dump the waste rock at the mouth on the land
owned by the grantor.

Other cases cited from foreign jurisdictions are no stronger
in favor of appellant than those above referred to.    Nor do

the Wisconsin cases (*Bracken v. Preston,* 1 Pin. 584; *Warner v. Fountain,* 28 Wis. 405 ; and *Huebschmann v. McHenry,* 29 Wis. 655) reach the question here.

The plaintiff never having leased the south thirty feet, and being the owner, was in constructive possession of it, and en-titled to maintain the action against the defendant upon the established facts.

The court is of opinion that the judgment below was right and must be affirmed.

*By the Court.*—The judgment is affirmed.